UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18 CR 893 RWS-2 |
| ) | |
| JASON DANIEL FREEMAN, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

The Court referred this matter to United States Magistrate Judge Patricia L. Cohen for a report and recommendation on pending motions pursuant to 28 U.S.C. § 636(b).  On August 5, 2021, Judge Cohen filed her Report and Recommendation that defendant's motion to dismiss for Speedy Trial Act and Sixth Amendment violations [164] should be denied as meritless.  [232].

Defendant objects to the Report and Recommendation [235], raising largely the raising the same arguments made in front of Judge Cohen, and this Court has conducted a de novo review of all matters relative to defendant's motion and objections, including a review of the transcript of the evidentiary hearing held in person, at defendant's insistence, on April 13, 2021.  [218].  After careful consideration, I will adopt and sustain Judge Cohen's thorough 62-page Report and

1

Recommendation, except for her analysis on pages 27-28 with respect to co-defendant Ruiz's circumstances, and deny the motion to dismiss. Although I do not agree with the conclusion that defendant's speedy trial clock remains at zero because co-defendant Ruiz has not been arraigned,[1] Judge Cohen goes on to correctly determine that defendant's speedy trial rights were not violated by assuming that defendant's speedy trial clock began to run on January 16, 2019, the day after co-defendant Martinez's arraignment by this Court.

Judge Cohen correctly determined that defendant failed to demonstrate any violations of the Speedy Trial Act and correctly calculated the amount of excludable time for purposes of calculating the time limits as including defendant's own absence by failing to appear for his change of plea hearing, his numerous motions and the government's motion in limine, his numerous requests for

---

[1] Judge Cohen acknowledges that co-defendant Ruiz was placed on fugitive status on February 11, 2020, and cites *United States v. Davenport*, 935 F.2d 1224, 1230 (11th Cir. 1991) for the proposition that the transfer of a co-defendant to fugitive status effectively severs the co-defendant from the case as of the date of transfer. Yet that case goes on to state that "[f]rom that date forward, delay attributable to their fugitive status is no longer charged to the apprehended codefendants . . . ." *Id. United States v. Lightfoot*, 483 F.3d 876, 886-87 (8th Cir. 2007), does not support Judge Cohen's conclusion that defendant's speedy trial clock "remains at zero" because Ruiz is a fugitive and has yet to be apprehended and arraigned, for that case also acknowledges that severance restarts the speedy trial clock for the co-defendants. *Id.* The Court is persuaded by the Eleventh Circuit's reasoning that the speedy trial clock begins to run once a co-defendant is placed on fugitive status and therefore declines to adopt that portion of Judge Cohen's Report and Recommendation finding that "defendant's speedy trial 'clock' reset to 'zero' and remains at 'zero' because co-defendant Ruiz has not been arraigned."

2

continuances accompanied by valid speedy trial waivers, and the relevant COVID-19 Orders.  The Court agrees with Judge Cohen's conclusion that at most a total of twenty-nine days of non-excludable time has passed since the initial indictment was filed in this case, and the Court overrules defendant's objections to these findings for the reasons set out in the Report and Recommendation.

The Court agrees with Judge Cohen that defendant's sixth amendment rights have not been violated for the reasons set out in the Report and Recommendation. The Court agrees with Judge Cohen's application of the four-factor balancing test and that its application favors the plaintiff.  Defendant's argument that he has speedy trial rights under the Eighth and Fourteenth Amendment is summarily rejected for the reasons set out in the Report and Recommendation.

Finally, to the extent defendant argues that Judge Cohen misconstrued or mischaracterized his arguments with respect to the calculation of excludable time, the Court concludes that Judge Cohen correctly analyzed the issues presented by defendant in his motion as set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on August 5, 2021 [232] is adopted and sustained except for the last paragraph beginning on page 27 and ending on page 28 of the Report and Recommendation.

**IT IS FURTHER ORDERED** that defendant's objections to the Report and Recommendation [235] are overruled.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss based on speedy trial issues [164] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2021.